# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

THE UNITED STATES OF AMERICA,

           Plaintiff,

v.                                CRIMINAL ACTION NO.  5:95-cr-00071

CARL REYNOLDS,

           Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Request for Grand Jury Transcript [Docket 366] and Request for Correction of Error[1] [Docket 367].  Defendant pled guilty on October 23, 1995, to one count of Conspiracy to Distribute Cocaine Base, 21 U.S.C. § 846.  (Docket 159.)  On January 19, 1996, Judge Hallanan sentenced him to 210 months of incarceration and five years supervised release.  (Docket 195.)  While incarcerated, Defendant filed the instant Request for Grand Jury Transcript [Docket 366] on November 17, 1999, and the instant Request for Correction of Error [Docket 367] on December 27, 1999.  For the reasons stated herein, these motions are **DENIED**.

---

[1] Approximately one year after filing the instant motion, Defendant filed another motion styled as a Motion for Correction of Error in Petitioner's P.S.I. Report, and Motion for Interveenace [sic] of Attorney to Respond [Docket 377].  In that motion, Defendant raised an objection identical to the one raised in the instant motion.  The Honorable Elizabeth V. Hallanan, Senior United States District Judge, denied that motion as time-barred and frivolous.  (Docket 378 at 2.)  This Court incorporates by reference Judge Hallanan's reasoning in her Order [Docket 378].

## II. ANALYSIS

### A. *Request for Grand Jury Transcript*

Matters occurring before a grand jury are generally secretive. Fed. R. Crim. P. 6(e)(1). Disclosure of otherwise secretive matters, however, may be authorized "when so directed by a court preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(2)(C)(I). In seeking authorization by a court, the burden is on the applicant to establish "a strong showing of particularized need . . . before any disclosure will be permitted." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983). To establish this need, "[p]arties seeking grand jury transcripts under Rule 6(e) must show [1] that the material they seek is needed to avoid a possible injustice in another judicial proceeding, [2] that the need for disclosure is greater than the need for continued secrecy, and [3] that their request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

In his motion, Defendant claims that "[t]his proceeding record is vitally important to my post-conviction relief process." (Docket 366 at 1.) This general statement fails to establish the "strong showing of particularized need" required by *Sells Eng'g*, 463 U.S. at 443. Moreover, Defendant fails to show, or even claim, that access to his grand jury transcript would aid him in avoiding injustice in another proceeding, that his need for disclosure outweighs the government's interest in secrecy, or that his request is specifically structured to cover only the material he needs. Rather, it is a generalized request that is not tailored to any specific need nor limited to any particular portion of the transcript. Therefore, this Court declines to authorize the disclosure of Defendant's grand jury transcript and his request is accordingly **DENIED**.

### B. *Request for Correction of Error*

Defendant's brief is styled as "Petitioner's Request for Correction of Error," (Docket 367), however, *pro se* briefs are to be construed liberally. *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975). Therefore, the Court construes Defendant's motion objecting to his presentence report (and, by implication, the imposition of his sentence) as one brought under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See, e.g.*, *Cowles v. Brooks*, 241 F. Supp. 2d 579, 581 (E.D. Va. 2002) (construing petition brought under § 2241 as one properly brought under § 2255).

Defendant bases his motion on an alleged mistake in the presentence report recommending that his federal benefits not be denied because he cooperated with the government.[2] (Docket 367 at 2.) The procedure for raising objections to the presentence report is governed by statute: "Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). The Court may extend this deadline upon a showing of good cause. Fed. R. Crim. P. 32(b)(2).

Defendant was afforded a full opportunity to raise any objections to the presentence report before his sentence was imposed, yet failed to do so. Moreover, he has failed to demonstrate good cause for the Court to entertain his objection which was filed more than three years after he was sentenced. "Absent evidence that the Court was deliberately misled by inaccurate information, there are no exceptional circumstances that would justify collateral relief from the sentence imposed." *Farmer v. United States*, 737 F. Supp. 884, 889 (D. Md. 1990) (denying defendant's § 2255 motion

---

[2] Defendant raises this objection despite the fact that he retained his federal benefits due to his purported cooperation with the government. Thus, even if there was an error, he suffered no prejudice.

based on objections to the presentence report not raised before sentencing). Defendant's § 2255 motion is therefore **DENIED** as time-barred.

## II. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion for Grand Jury Transcript [Docket 366] and Motion for Correction of the Presentence Report [Docket 367]. The Clerk is **DIRECTED** to send copies of this Memorandum Opinion and Order to all counsel of record and any unrepresented party.

        ENTERED: November 8, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE