# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:95-cr-00071-1

CARL REYNOLDS
[Karl Reynolds],

           Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion for Retroactive Application of Sentencing Guidelines [Docket 407] brought pursuant to 18 U.S.C. § 3582, Motion to Appoint New Counsel [Docket 419], and Motion to Expedite [Docket 420]. Pursuant to the Standing Order entered on February 6, 2008, the § 3582 motion was designated for the standard track and the United States and counsel for Defendant were directed to file memoranda with this Court addressing all relevant issues. Counsel for Defendant filed a Response [Docket 409] to the Court's order on March 13, 2008, and the United States filed its Response [Docket 412] and Amended Response [Docket 413] on March 14, 2008, and March 20, 2008, respectively. For the reasons set forth more fully herein, Defendant's motions are **DENIED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the Presentence Report (PSR), Defendant and co-defendants Robert Woolary and Owen Walker moved from Washington, DC to Beckley, West Virginia to establish a crack

cocaine and marijuana distribution organization. In connection with that drug organization, Defendant acquired a number of firearms from Jack's Pawn Shop and the Beckley Gun and Pawn Shop, both located in Beckley, West Virginia. To obtain those firearms, Defendant, aided and abetted by others, made false oral and written statements to the pawn shop employees regarding the records-keeping procedure required by Chapter 44, Title 18 of the United States Code. Defendant was then observed on at least one occasion with a firearm while in possession of approximately three ounces of cocaine base.

Confidential informants (CI's) informed Regional United Drug Enforcement Task Force (RUDE) officers that Defendant and his organization were supplying cocaine to a large number of juveniles and dealers in the Beckley area. Based on tips provided by the CI's, RUDE officers obtained and executed a search warrant at the residence of Necole Borders on Heber Street in Beckley. During the search, RUDE officers confiscated approximately 0.049 grams of cocaine base. On August 18, 1994, RUDE officers arrested Shawn Swain, who was also involved in the drug organization with Defendant and who informed them that Defendant and other members of the organization had provided him with cocaine base on at least four different occasions. On August 21, 1994, Swain telephoned RUDE officers and told them to be on the lookout for a gray Acura, typically driven by Defendant, that was transporting a half-kilogram of cocaine base to Beckley. The next day, Swain was riding in a car with his brother when Defendant and Robert Woolary pulled up in another car and fired a 9mm handgun at Swain. As a result of the shooting, Swain received a gunshot wound to the back and was paralyzed.

On January 19, 1996, United States District Judge Elizabeth V. Hallanan adjudged Defendant guilty of one count of Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. § 846. Judge

Hallanan then sentenced Defendant to 210 months of imprisonment with the Federal Bureau of Prisons. The Court notes that this sentence was the maximum under the Guidelines at that time.

While in custody, Defendant has completed a number of educational programs, including obtaining his commercial driver's license and completing a drug education course. Despite these accomplishments, Defendant has also been cited for a number of disciplinary incidents, including: Conducting a Gambling Pool and Possession of Gambling Paraphernalia (2004); Being in an Unauthorized Area (2004); Being Absent from Assignment (2004); Threatening Bodily Harm to Another Inmate (2003); Refused to Obey an Order (2001); Threatening Bodily Harm and Being Unsanitary (2001); Destruction of Property over $100 (2001); Phone Abuse (2000); Refusing to Obey an Order and Being Insolent to Staff (2000); Refusing to Obey an Order and Failing to Stand Count (1999); Being Insolent to Staff (1998); Being Absent from Assignment (1997); and Using Phone or Mail Without Authority (1997 and 1996). (Addendum to PSR at 3.)

On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. It is in light of those amendments that Defendant filed the instant motion and the Court designated this case for the standard track, requiring the Government and counsel for Defendant to submit their memoranda. In their memoranda, both the Government and counsel for Defendant concede that Defendant is eligible for a two-level reduction in sentence pursuant to the recent amendment. Counsel for Defendant also lists a number of programs Defendant has completed while in prison, ranging from drug education to continuing education in real estate. The Government does not oppose the reduction and asks only that any imminent release of Defendant

be delayed by ten days to allow the Bureau of Prisons to complete any necessary paperwork. Defendant then filed his letter-form motion to appoint new counsel on May 5, 2008.

## II. MOTION FOR REDUCTION IN SENTENCE

*A.   Applicable Law*

Pursuant to 18 U.S.C. § 3582(c)(2), the Court "*may* reduce the term of imprisonment [for a defendant whose sentencing range has subsequently been lowered by the Sentencing Commission] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (emphasis added). Thus, it is well-established that a district court is afforded great discretion when ruling on a defendant's § 3582 motion to reduce sentence. *See, e.g.*, *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998). In considering whether to reduce a sentence under § 3582, a district court is required to consider the relevant factors listed in 18 U.S.C. § 3553(a), which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

      (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

      (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

  (5) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The applicable policy statement found in the Guidelines Manual also requires the Court to consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," or in other words, public safety, and further permits the court to consider "post-sentencing conduct of the defendant that

occurred after imposition of the original term of imprisonment." U.S. Sentencing Guidelines Manual § 1B1.10 n. 1(B) (May 1, 2008).

    *B.    Analysis*

Taking into consideration "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), the Court declines to reduce Defendant's 210-month sentence. Defendant's offense conduct was nothing short of egregious – as evidenced by his sentence at the maximum of the applicable Guideline. He came to Beckley, West Virginia for the sole purpose of operating a major drug distribution enterprise, through which he distributed drugs to juveniles and supplied other major drug dealers in the Beckley area. In connection with that enterprise he falsified records to obtain weapons and used one of those weapons in the shooting of Shawn Swain, leaving Swain paralyzed. Moreover, according to the addendum to the PSR, a conflict between Defendant's organization and another Beckley-based group has resulted in "multiple shooting incidents and physical altercations." (Addendum to the PSR at 3.)

Considering this course of conduct, the Court finds that a reduction in sentence would fail to account for the serious and violent nature of Defendant's conduct. Moreover, in light of Defendant's violent history, a reduction in sentence would also fail to promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. *See* § 3553(a)(2)(A),(C). Finally, given the record of Defendant's conduct, consideration of public safety counsels against a sentence reduction in this case.

Defendant's post-offense conduct is also indicative that future criminal conduct will not be deterred absent further incarceration. Despite his completion of various educational programs, his laundry list of disciplinary incidents, including threats of violence and insubordination, indicates that

he still lacks respect for the law and for authority and that his release may pose a danger to society. Accordingly, after considering the relevant factors listed in 18 U.S.C. § 3553(a) and public safety, the Court **DENIES** Defendant's Motion for Retroactive Application of Sentencing Guidelines [Docket 407].

### III. MOTION FOR APPOINTMENT OF NEW COUNSEL

*A.     Applicable Law*

A defendant's right to choose his or her attorney is not absolute. *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988). The decision whether to grant a defendant's motion for new counsel is within the sound discretion of the trial court and will be evaluated by three criteria on appeal: "Timeliness of the motion; adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *Id.* at 107 (citations omitted). An indigent defendant must demonstrate good cause for demanding a substitution of court-appointed counsel. *Id.* at 106 (citation omitted).

*B.     Analysis*

The instant motion was timely filed, however, Defendant has neither demonstrated good cause nor put forth evidence of a total lack of communication between he and his attorney. In his motion, Defendant states that he and his attorney "are having a conflict of interest as our 'Communication' lines are getting crossed." (Docket 419 at 2.) He also states that the Federal Public Defender's Office is "irresponsive to [his] concerns" and that the "lack of communication is of great concern" to him. (*Id.*)

Taking Defendant's allegations against his counsel as true, he is still not be entitled to the appointment of new counsel because he will suffer no prejudice. His counsel has stated in her memorandum that he is eligible for the reduction, and has set forth his accomplishments while incarcerated as support for her position that the Court should award the reduction. Defendant has failed to even allege any specific instances of his attorney's conduct that illustrate a breakdown in the attorney-client relationship; rather, his allegations are mere conclusory statements that communications "are getting crossed." Moreover, any appointment of new counsel will be futile, as the representation for purposes of the § 3582 motion ends with the entry of this Memorandum Opinion and Order. Thus, having considered the grounds of Defendant's motion and determined that he has failed to demonstrate good cause for the appointment of new counsel, the Court **DENIES** Defendant's Motion for Appointment of New Counsel.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Retroactive Application of Sentencing Guideline [Docket 407] and Motion for Appointment of New Counsel [Docket 419] are **DENIED**. Defendant's Motion to Expedite [Docket 420] accordingly is **DENIED AS MOOT**. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: June 9, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE